SHAFER *et al.*

*v.*

CHESAPEAKE & O. R. Co.

(*Supreme Court of Appeals of Virginia, Sept., 1895.*)

[23 S. E. Rep. 221.]

**Appeal from Justice—Jurisdictional Amount.**

Under Code, 1887, § 2947, costs are not to be computed as a part of the matter in controversy in determining the right of appeal from a judgment of a justice of the peace.

Error to circuit court, Rockbridge county; William Mc-Laughlin, Judge.

Mandamus by the Chesapeake & Ohio Railroad Company against J. W. Shafer and J. F. Thompkins. Judgment for plaintiff, and defendants bring error. Reversed.

*Letcher & Letcher*, for plaintiffs in error.

*R. L. Parish* and *W. J. Robertson*, for defendant in error.

HARRISON, J., delivered the opinion of the court.

On the 25th day of July, 1894, J. F. Thompkins, a justice of the peace for Rockbridge county, gave judgment against the Chesapeake & Ohio Railroad Company for $10 damages for killing a yearling belonging to the plaintiff John W. Shafer, and $2.10 costs, consisting of 50 cents justice's fee, and $1.10 constable's fees, and 50 cents witnesses' attendance.

The defendant company tendered the necessary security,

and asked for an appeal from this judgment to the county court. The justice refused to grant the appeal, upon the ground that the matter in controversy did not exceed $10. The defendant company then filed its petition before the judge of the circuit court of Rockbridge, praying for a mandamus from that court to compel the justice to grant the appeal. A rule was awarded against J. F. Thompkins, the justice, and J. W. Shafer, the plaintiff, summoning them to appear and show cause why the mandamus prayed for should not be awarded. Upon the hearing the circuit court entered an order directing the mandamus to issue, requiring the justice to certify the appeal asked for to the county court of Rockbridge. From this order of the circuit court the plaintiff in error here was awarded a writ of error and supersedeas to this court.

The sole question involved is whether, under section 2947 of the Code of 1887, costs are to be computed as part of the matter in controversy in determining the right of appeal from the judgment of a justice.

This identical question has been disposed of by the opinion of this court filed at the present term in the case of Railroad Co. v. Clark, 22 S. E. 867, and it is unnecessary to do more than refer to the reasons there given in support of the conclusion reached in this case.

It is there held that costs form no part of the matter in controversy, and are not to be computed by the justice in determining the right of appeal from his judgment; that under the statute there can be no appeal from the judgment of a justice unless the matter in controversy, exclusive of interest and costs, is of greater amount or value than $10. In the case at bar the matter in controversy, exclusive of interest and costs, being only $10, we are of opinion that the circuit court of Rockbridge county erred in awarding the mandamus prayed for compelling the justice to grant an appeal, and its judgment is therefore reversed and annulled, and this court will enter such judgment as the said circuit court ought to have entered.